## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-0493** |
| | : | |
| **SEPTA TRANSIT POLICE OFFICER** | : | |
| **SCHERMERHORN,** *et al.* | : | |
| **Defendants.** | : | |

### MEMORANDUM

**GOLDBERG, J.**                                                                                     **APRIL 8, 2024**

Pro se Plaintiff Rafiyq Davis brings this civil action alleging that he was assaulted and illegally searched by two SEPTA Transit police officers. Davis seeks to proceed in forma pauperis. For the following reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint in part with prejudice and in part without prejudice. Davis will be permitted an opportunity to file an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

Davis names the following Defendants in his Complaint: (1) SEPTA Transit Police Officer Schermerhorn; (2) SEPTA Transit Police Officer John Doe; (3) SEPTA; (4) the City of Philadelphia; and (5) the State of Pennsylvania. (Compl. at 2.) He alleges that on December 19, 2023, while standing at the Broad Street Line SEPTA station, he was "assaulted and slammed to the ground" by Defendants SEPTA Officer Schermerhorn (Badge #251) and SEPTA Officer John Doe (Badge #228) (together, the "SEPTA Officers"). (Id. at 3.) The SEPTA Officers allegedly then handcuffed Davis's wrists "extra tight," which left "cuff markings around [his] wrists." (Id.)

---

[1] The factual allegations are from Davis's Complaint. (ECF No. 1.) The page numbers refer to those supplied by the CM/ECF docketing system.

The SEPTA Officers then searched Davis's pockets, found his state identification card, took a picture of the card, and took Davis's fingerprints using their cell phone. (Id.) The SEPTA Officers then told Davis that they were "banning" him from riding SEPTA. (Id.) He alleges that he suffered pain, cuts, scrapes, and bruising as a result of the incident. (Id.) The SEPTA Officers also prevented him from getting on the train. (Id. at 4.) Based on these allegations, Davis seeks money damages. (Id.)

## II.     STANDARD OF REVIEW

I will grant Davis leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. As Davis is proceeding pro se, I construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

I understand Davis to assert constitutional claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). As set forth below, Davis has failed to allege a plausible § 1983 claim.

### A.    Claims against the State of Pennsylvania

Davis names the "State of Pennsylvania" as a Defendant. However, states are not considered "persons" who may be sued under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). Accordingly, Davis's claims against the State of Pennsylvania must be dismissed because those claims are not viable.

### B.    Claims against the City of Philadelphia and SEPTA

Davis also names the City of Philadelphia and SEPTA as Defendants.[2] However all claims against these Defendants must also be dismissed. Nothing in the Complaint suggests that Davis's alleged harm resulted from a Philadelphia or SEPTA policy or custom. See Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a

---

[2] SEPTA and its employees have been found to "act under color of state law" and are therefore state actors subject to liability under § 1983. Ford v. Se. Pennsylvania Transp. Auth., 374 F. App'x 325, 326 (3d Cir. 2010) (per curiam); Bolden v. Se. Pennsylvania Transp. Auth., 953 F.2d 807, 821 (3d Cir. 1991).

plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); <u>Brown v. SEPTA</u>, 539 F. App'x 25, 27 (3d Cir. 2013) (per curiam) ("For the purposes of § 1983, SEPTA is treated as a municipal agency when determining its liability, if any."); <u>Sorrells v. Philadelphia Police Dep't,</u> 652 F. App'x 81, 83 (3d Cir. 2016) (per curiam) (affirming dismissal of claims and noting that "even construing [the plaintiff's] complaint as against the City of Philadelphia, Sorrells did not plead that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires.").

### C.    Claims against SEPTA Police Officers Schermerhorn and John Doe

Davis asserts Fourth Amendment excessive force claims against the SEPTA Officers based on allegations that they used force while seizing and searching Davis at the Broad Street Line SEPTA station. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)); <u>see also</u> <u>Santini v. Fuentes</u>, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" <u>Klein v. Madison</u>, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting <u>Graham</u>, 490 U.S. at 386)).

Davis's excessive force claims are undeveloped, as pled. He states that he was "slammed" to the ground and placed in handcuffs that were too tight, but he does not provide any details

concerning the circumstances that led to his encounter with the SEPTA Officers. In particular, Davis does not allege sufficient facts about the initial stop and seizure, including why he was stopped and allegedly subjected to force by the SEPTA Officers, whether he was accused of any wrongdoing, the severity of that wrongdoing, why and how he was "slammed" to the ground, and whether he was resisting the SEPTA officers' attempts to stop or detain him. He also does not allege any facts from which one could infer that the SEPTA Officers were aware or should have been aware that the handcuffs placed on Davis were too tight. See Pagliaccetti v. City of Philadelphia, No. 09-1106, 2010 WL 3222153, at *5 (E.D. Pa. Aug. 13, 2010) ("Merely alleging that the handcuffs were too tight, as plaintiff has done in this case, does not warrant a finding of excessive force"). Nor does he explain each of the SEPTA Officers' roles in the alleged wrongdoing. Without additional factual details, Davis fails to raise a plausible inference that the force the SEPTA Officers used against him was unreasonable. See Jones v. Mermon, 507 F. App'x 100, 103 (3d Cir. 2012) (per curiam) (affirming dismissal of Fourth Amendment excessive force claim based on high-speed collision where the plaintiff "did not allege how the high speed pursuit started, why he was being pursued, what happened during the chase, or how the collision occurred and who was involved"); see also Koyi v. Borough of Tinton Falls, No. 21-352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (dismissing excessive force claim where "[c]onspicuously absent [from the complaint] are any details about the circumstances that brought Plaintiff and the officers together . . . , what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force"). Accordingly, Davis's excessive force claims will be dismissed.

Davis also asserts a Fourth Amendment claim against the SEPTA Officers based on allegations that they unreasonably searched and seized him. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and

seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable." New Jersey v. T.L.O., 469 U.S. 325, 337 (1985). Nevertheless, "what is reasonable depends on the context within which a search takes place." Id. The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. Brower v. County of Inyo, 489 U.S. 593, 597-99 (1989). Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an arrest. See Birchfield v. North Dakota, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

Davis's unreasonable search and seizure claims are similarly undeveloped, as pled. He alleges that the SEPTA Officers handcuffed him, removed his state identification card from his pocket, took a photograph of it, took a photograph of Davis's face, and obtained Davis's fingerprints using a cell phone. (See Compl. at 3.) However, similar to his excessive force claim, Davis has not pled sufficient allegations about the circumstances leading up to the search and seizure to support an inference that they were unconstitutional. He has provided no facts about the context regarding the SEPTA Officers' alleged search and seizure of him, including why he was stopped and handcuffed, whether he was arrested or otherwise accused of any wrongdoing, and whether the SEPTA Officers lacked probable cause or reasonable suspicion to stop him. Without any contextual details, it is impossible to discern whether Davis can plausibly state an illegal search and seizure claim against the SEPTA Officers. See, e.g., Medina v. Aprile, No. 23-1057, 2023 WL

3440236, at \*9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)). Accordingly, Davis's Fourth Amendment claims based on an alleged unreasonable search and seizure will also be dismissed.

Davis also contends that the SEPTA Officers violated his right to travel during the encounter because they prevented him from boarding the train or subway. The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Saenz v. Roe, 526 U.S. 489, 500 (1999). Nothing in Davis's Complaint plausibly suggests that his right to interstate travel was implicated when he was detained and searched by the SEPTA Officers. See Aikens v. New Castle County Police Dep't, No. 21-350, 2021 WL 5051145, at \*4 (D. Del. Nov. 1, 2021) (dismissing with prejudice right to travel claim when plaintiff was detained for 30 minutes while receiving a traffic ticket because allegations did not suggest infringement on interstate travel). Accordingly, any claim Davis asserts based on an alleged violation of his right to travel will be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint in part with prejudice and in part without prejudice. Davis's Claims against the State of Pennsylvania, the City of Philadelphia, and SEPTA, and any claim that his right to travel was violated will be dismissed with prejudice. Leave to amend these claims will not be given as any attempt to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110

(3d Cir. 2002). Davis's Fourth Amendment claims for excessive force and unreasonable search and seizure against SEPTA Transit Police Officer Schermerhorn and SEPTA Police Transit Officer John Doe will be dismissed without prejudice. Davis will be provided an opportunity to amend in the event he can articulate Fourth Amendment claims against either of the SEPTA Officers. An appropriate Order follows, which provides further instruction on amending his claims if he wishes to do so.