IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0493 |
| | : | |
| **SEPTA TRANSIT POLICE OFFICER** | : | |
| **SCHERMERHORN,** *et al.* | : | |
| **Defendants.** | : | |

# ORDER

AND NOW, this 8th day of April, 2024, upon consideration of Plaintiff Rafiyq Davis's Motions to Proceed In Forma Pauperis (ECF No. 4, 7), and Complaint (ECF No. 1), and for the reasons set forth in the accompanying memorandum opinion, it is **ORDERED** that:

1. Leave to proceed in forma pauperis is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk's Office is **DIRECTED** to **TERMINATE** "City Hall" as a Defendant in this case because that Defendant is duplicative of Defendant City of Philadelphia.

4. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

    a. All claims asserted against Defendants the State of Pennsylvania, the City of Philadelphia, and SEPTA, and all claims based on the right to travel are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to **TERMINATE** the State of Pennsylvania, the City of Philadelphia, and SEPTA as Defendants in this matter.

    b. The Fourth Amendment claims for excessive force and illegal search asserted against Defendants SEPTA Transit Police Officer Schermerhorn and SEPTA Police Transit Officer John Doe are **DISMISSED WITHOUT PREJUDICE**.

5. Davis may file an amended complaint within thirty (30) days of the date of this Order as to his Fourth Amendment claims for excessive force and illegal search against Defendants SEPTA Transit Police Officer Schermerhorn and SEPTA Police Transit Officer John Doe only. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Davis's claims against each defendant. Davis may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Davis should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so ordered by the Court.

6. The Clerk of Court is **DIRECTED** to send Davis a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Davis may use this form to file his amended complaint if he chooses to do so.

7. If Davis does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

8. If Davis fails to file any response to this Order, the Court will conclude that Davis intends to stand on his Complaint and will issue a final order dismissing this case.

BY THE COURT:


*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**